UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:14-cv-00350 |
| | § | |
| 2013 HARLEY DAVIDSON and | § | |
| 2013 FORD EXPLORER SUV, | § | |
| | § | |
|    *Defendants*. | § | |

### ORDER

Pending before a court is the motion for entry of default and final judgment of forfeiture by default filed by the United States of America. Dkt. 9. Neither the potential claimants nor their counsel have filed a response to the United States' verified complaint, and the time for doing so has expired. After considering the motion and applicable law, the court finds that the United States' motion should be GRANTED, and the 2013 Harley Davidson 883 Motorcycle VIN 1HD4LE215DC437541 and 2013 Ford Explorer SUV VIN 1FM5K7D81DGA75081 (hereinafter collectively referred to as "Defendant Properties") should be forfeited to the United States.

### I. LEGAL STANDARD

Under 18 U.S.C. § 983(a)(2), once an administrative forfeiture proceeding has been initiated, a person claiming the property that has been seized may file a claim by the date stipulated in the personal notice letter. 18 U.S.C. § 983(a)(2). After the claim is filed, the government must file a complaint for a forfeiture action within 90 days pursuant to 18 U.S.C. § 983(a)(3). 18 U.S.C.

§ 983(a)(3).  Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") stipulates that:

> The complaint must: (a) be verified; (b) state the grounds for subject matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and- if different- its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. R. G(2).  Further, under Rule G(4)(a) of the Supplemental Rules, the government must publish notice of the action after filing the complaint in a manner listed under Rule G(4)(a)(iii)-(4)(a)(iv) of the Supplemental Rules, one of which is posting notice on an official Internet government forfeiture site for 30 consecutive days.  Fed. R. Civ. P. Supp. R. G(4).  The government must also send notice of the action and a copy of the complaint to all potential claimants by means reasonably calculated to reach the recipients as per Rule G(4)(b).  *Id.*

Under 18 U.S.C. § 938(a)(4), a claimant asserting interest in the property must file a claim within 30 days of service of the complaint, and an answer or motion under Rule 12 of the Federal Rules of Civil Procedure (FRCP) no later than 20 days after filing the claim.  18 U.S.C. § 938 (a)(4). Rule A(2) of the Supplemental Rules states that the FRCP apply to forfeiture actions in rem arising under a federal statute.  Fed. R. Civ. P. Supp. R. A(2).  Rule 55 of the FRCP allows the court to enter default judgment against a party who has failed to respond to a complaint within the allotted time after the opposing party moves the court for entry of default judgment.  Fed. R. Civ. P. 55.

## II. ANALYSIS

Law enforcement seized the Defendant Properties, which are titled in the name of Laura Archer, in October of 2013.  Dkt. 1 ¶ 5.  Then, the United States initiated administrative forfeiture

proceedings, during which Archer filed a claim contesting forfeiture. Dkt. 1 ¶ 6.  The United States brought a  forfeiture action in rem under 21 U.S.C. § 881(a)(6) within 90 days by filing a verified complaint that satisfied the requirements detailed in Rule G(2) of the Supplemental Rules.  Dkt. 1. Next, the United States posted notice on the official government forfeiture Web site for 30 consecutive days.  Dkt. 5-1.  This notice gave any potential claimant 60 days to file a claim.  *Id*.  The deadline for any person to file a claim in response to the publication expired on April 15, 2014.  *See id*.  No claims or answers were filed in response to the notice.

The United States also sent notice of the forfeiture action and a copy of the complaint by certified mail to Alicia O'Neill, counsel for Laura Archer; Fadid Assad, who had possession of the SUV at the time of seizure; and Josephine Black, who had possession of the motorcycle at the time of seizure.  Dkt. 8, Ex. A; Dkt. 9, Ex. A, B.  None of the potential claimants of Defendant Properties who received direct notice of the action filed a claim or answer to the United States' complaint, and the time for doing so expired on March 20, 2014.  Dkt. 8, Ex. A.  The court therefore finds that default judgment is appropriate.  The United States' motion for entry of default and final judgment of forfeiture by default is GRANTED.

### III. CONCLUSION

The court finds that proper notice and publication have been given to all potential claimants, and the time for filing a claim has expired. There are no claimants before the court. The United States' motion for entry of default and final judgment of forfeiture by default (Dkt. 9) is therefore GRANTED. A separate default judgment and final forfeiture judgment will be entered concurrently with this order.

Signed at Houston, Texas on May 23, 2014

_____
Gray H. Miller
United States District Judge